## SIMMS *v.* KIRK ET AL.

### [No. 11,761.   Filed June 3, 1924.]

1. MARRIAGE.— *Common Law.— Evidence of.— Sufficiency.*—A finding that there was no common-law marriage was sustained where, at the time of a ceremonial marriage, the husband had a lawful wife living, and, after she had obtained a divorce, he continued to live with the pretended wife by the second marriage but never informed her that, at the time of said marriage, he had a lawful wife. p. 516.

2. DESCENT AND DISTRIBUTION.—*Abandonment of Wife.—Forfeiture of Husband's Rights in Wife's Estate.—Statute.*—Under §3036 Burns 1914, §2498 R. S. 1881, a husband that abandons his wife without just cause and leaves her without support forfeits all interest in her estate. p. 516.

From Delaware Circuit Court; *John McPhee,* Judge.

Action by Charles B. Kirk and Julia E. Kirk against James F. Simms to quiet title to real estate. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*Frederick F. McClellan, Donald D. Hensel* and *Leonidas A. Guthrie,* for appellant.

*Edward R. Templer,* for appellee.

DAUSMAN, P. J.—This action was instituted by Charles B. Kirk and his wife, Julia E. Kirk, against James F. Simms to quiet title to real estate. The trial court made a special finding of facts, stated conclusions of law thereon, and rendered judgment in favor of the plaintiffs.

It appears that one Nancy Evans (Simms) died testate; that, at the time of her death, she was, and for many years prior thereto, had been, the owner of the real estate involved in this action; that the plaintiffs purchased the real estate from her executor and received conveyances from the executor and legatees; and that the defendant James F. Simms claims to be the owner of the real estate as the surviving husband of Nancy Evans (Simms).

The court found that in December, 1905, the defendant and Nancy Evans entered into an ostensible marriage; that a license was procured and a marriage ceremony performed by an ordained minister; that, at the time of the ostensible marriage, the defendant was the lawful husband of one Martha Simms who then resided in Dayton, Ohio; that, at the time of the ostensible marriage, the defendant knew that he was the husband of Martha Simms; that in April, 1907, Martha Simms was granted a divorce from the defendant; that the defendant never informed Nancy Evans of the fact that, at the time of their pretended marriage, he had a lawful wife living; that no children were born of the pretended marriage; that the pretended marriage was fraudulent on the part of the defendant; that the parties to the pretended marriage lived together until March 17, 1917, when they separated and never lived together thereafter; that the defendant abandoned her without cause and failed to make proper provision for her support, or any provision whatsoever during her last sickness; and that, at the time of her death, she was 81 years of age.

The court determined that the defendant never was the husband of Nancy Evans by virtue of any common-law marriage or any other kind of marriage; that he is in no way related to her; and that he is not entitled to inherit any part of her estate.

Counsel for the appellant concede, of course, that the ceremonial marriage was void; but they contend that there was a common-law marriage. The evidence abundantly sustains the decision of the trial court with respect to that feature. We have given the contention due consideration and we find nothing that would justify this court in disturbing the judgment of the trial court. Having reached this conclusion, other questions presented become immaterial. The fact

should not be overlooked, however, that a statute provides that if a husband shall abandon his wife without just cause, failing to make suitable provision for her, he shall take no part of her estate. §3036 Burns 1914, §2498 R. S. 1881.

Judgment affirmed.